IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENYATTA HARDIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-02556-SHL-atc |
| | ) |
| CITY OF MEMPHIS DIVISION OF FIRE SERVICES, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS
AND TO ALLOW ADDITIONAL TIME FOR SERVICE OF PROCESS

Before the Court by order of reference[1] is Defendant City of Memphis's (the "City") Fed. R. Civ. P. 12(b)(5) Motion to Dismiss (the "Motion"), filed June 3, 2021. (ECF No. 20.) According to the Certificate of Service, the Motion and its accompanying memorandum were served on Plaintiff Kenyatta Hardin the same day. (*Id.* at 2; ECF No. 20-1, at 4.) Pursuant to Local Rule 12.1(b), a party opposing a motion to dismiss must file a response within twenty-eight days after the motion is served. Hardin failed to respond to the Motion by the deadline, prompting the Court to enter an Order to Show Cause and to Respond on July 23, 2021. (ECF No. 21.) That Order gave Hardin until August 6, 2021, to show cause as to why the Motion should not be granted and to otherwise respond to the Motion. (*Id.* at 1.) To date, Hardin has not responded to the Order to Show Cause or the Motion. For the reasons that follow, it is

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

recommended that the Motion be DENIED WITHOUT PREJUDICE, and that Hardin be given fourteen days in which to effectuate service of process on the City.

I.      **Proposed Findings of Fact**

On August 20, 2019, Hardin filed the complaint, which alleges discrimination by the City based on race and disabilities, in violation of both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (the "ADA"). (ECF No. 1.) On August 21, 2019, the Court denied the motion to proceed *in forma pauperis* and directed Hardin to pay the filing fee (ECF No. 8), which he did on September 25, 2019 (ECF No. 9).

However, Harden failed to timely effectuate service on Defendant. On May 18, 2020, the Court entered its first Order to Show Cause, requiring Plaintiff to demonstrate why the case should not be dismissed pursuant to Rule 4(m). (ECF No. 10.) On July 6, 2020, Plaintiff filed proof of service. (ECF No. 14.) That document indicated that the "Summons and Notice of Suit Rights" were served upon the "'Document Table' per note left from Chief Legal Officer Jennifer A. Sink." (*Id.* at 2.)

On April 8, 2021, the Court noted that "Hardin's means of serving the City of Memphis appears insufficient under the federal and state rules of civil procedure" and ordered Hardin to effectuate service of process on Defendant. (ECF No. 15, at 2.) On April 20, 2021, Plaintiff again filed proof of service. (ECF No. 16.) The City of Memphis asserts that this attempt was again insufficient, as "[t]he papers served on the City most recently included a summons and an affidavit which was executed in a Civil Service Commission proceeding in 2018." (ECF No. 20-1.) The City of Memphis's motion includes as an attachment the entirety of the documents Plaintiff served upon it. (ECF No. 20-2.) Those documents include the summons, an incomplete

proof of service form, the EEOC Dismissal and Notice of Rights, and an affidavit from Hardin. (*Id.*) The complaint is not included.

## II.   Proposed Conclusions of Law

In the Motion, the City asserts that Hardin has failed to properly serve it with a summons and complaint consistent with Federal Rule of Civil Procedure 4. (ECF No. 20-1.) The City asserts that Hardin's failure to properly effectuate service of process, despite the Court giving him multiple opportunities to do so, warrants dismissal for insufficient process under Federal Rule of Civil Procedure 12(b)(5).

Federal Rule of Civil Procedure4(j)(2), which governs service on state or local governments, provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Tennessee Rule of Civil Procedure 4.04(8) provides service can be made "[u]pon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney." "Both federal law and Tennessee law require a copy of the complaint to be served along with the summons." *Bonds v. City of Ripley Police Dep't*, No. 18-2362-MSN-dkv, 2019 WL 5095796, at *3 (W.D. Tenn. Mar. 25, 2019), *report and recommendation adopted as modified*, 2019 WL 4750596 (W.D. Tenn. Sept. 30, 2019) (citing Fed. R. Civ. P. 4(c)(1); Tenn. R. Civ. P. 4.04(3), (10)). Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Here, Hardin has failed to effectuate service on the City consistent with the requirements of the federal or state rules of civil procedure, despite the Court twice previously extending the time to do so. Nor has Hardin demonstrated good—or for that matter, any—cause as to why the time to serve the City should be extended once again.

Nevertheless, the Court has the discretion to extend the time for service in the absence of good cause. *See Bonds*, 2019 WL 4750596, at *3 (collecting cases). In *Bonds*, after the Court recommended granting a motion to dismiss the case without prejudice for insufficient service, the plaintiff filed a response asking "that the Court deny dismissal of his case and allow him additional time to make service on all Defendants." *Id.* at *3. In arriving at its decision to grant additional time, the Court considered the following five factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, i.e., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

4

*Id.* at *4 (quoting *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *7 (E.D. Tenn. July 16, 2002)).

As was the case in *Bonds*, the factors weigh in favor of granting Plaintiff additional time here. First, Hardin will likely need little additional time to serve the City, the lone Defendant in this matter. Next, the City would not suffer prejudice beyond having to defend the lawsuit. The City also has been on notice of the lawsuit since at least April 26, 2021, when it appeared in the matter, if not earlier. Moreover, a dismissal at this point is likely to function as a dismissal with prejudice based on the statute of limitations governing Hardin's claims under Title VII and the ADA. Finally, Hardin has made good faith efforts to properly serve the City by twice hiring professional process servers to complete the task (though they as yet have not managed to do so).

For the foregoing reasons, it is recommended that the City of Memphis's Motion to Dismiss be DENIED WITHOUT PREJUDICE and that Hardin be given an additional fourteen days, as a final opportunity, to effectuate service of process upon the City.

Respectfully submitted this 23rd day of August, 2021.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.