IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KENYATTA HARDIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-02556-SHL-atc |
| | ) |
| **CITY OF MEMPHIS DIVISION OF FIRE SERVICES,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION TO GRANT PARTIAL MOTION TO DISMISS

Before the Court by order of reference[1] is Defendant City of Memphis Division of Fire Services's (the "City") Partial Motion to Dismiss, filed December 22, 2021. (ECF No. 33.) *Pro se* Plaintiff Kenyatta Hardin failed to file his response to the motion within the twenty-eight days allowed under Local Rule 12.1(b), prompting the Court to enter an Order to Show Cause. (ECF No. 35.) That Order required Hardin to "show cause on or before March 31, 2022, as to why the Motion should not be granted and to otherwise respond to the Motion." (ECF No. 35.) Hardin missed that deadline as well. On April 25, 2022, Hardin filed a Motion for Extension for Legal Representation. (ECF No. 37.) The Court construed that motion as one for an extension of time to secure counsel, as well as an extension of time to respond to the City's motion to dismiss and

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

its motion to compel (ECF No. 34), which Hardin also failed to respond to.[2] In its Order granting that extension, the Court explained that Hardin "is hereby given an additional 30 days from the entry of this Order to respond to both the motion to dismiss and the motion to compel. The deadline applies whether or not Hardin secures counsel." (ECF No. 37, at 2.) The Court further explained "that a failure to respond to the motions by the deadline may result in the motions being granted. He is further warned that if he fails to abide by this Court's Orders, he may face sanctions under Federal Rules of Civil Procedure 37 and 41, up to and including dismissal of his action." (*Id.*) Hardin missed the court-imposed deadline to respond. On June 1, 2022, the Court granted the City's Motion to Compel. (ECF No. 41.) For the following reasons, it now recommends that the City's Partial Motion to Dismiss be GRANTED.

## PROPOSED FINDINGS OF FACT

On August 20, 2019, Hardin filed his complaint, which alleges discrimination by the City based on race and disabilities, in violation of both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (the "ADA"). (ECF No. 1.) Hardin's complaint referred to an attached affidavit, which he filed a day later. (ECF No. 7.) Hardin's initial attempts at serving the City with the complaint proved ineffective, but he eventually effectuated service of an amended complaint upon the City on September 20, 2021. (ECF No. 24.) Though the structure of the two versions of the complaint differs, their contents are identical with a few small exceptions. For example, the amended complaint converts the facts from the earlier-filed affidavit into a section titled "Background." (*Compare* ECF No. 7, *with* ECF No. 24, at 5–17.) Hardin's original complaint includes the completed court-provided complaint template in its

---

[2] The City's motion to compel, filed March 24, 2022, seeks to compel Hardin to communicate with defense counsel to schedule his deposition, as well as to compel Hardin's production of his initial disclosures. (*Id.*)

entirety (ECF No. 1, at 1–6), as well as the EEOC right to sue letter (ECF No. 1-1).  The amended complaint contains only the first page of the template and omits the EEOC letter.[3]

Hardin began working at the Memphis Fire Department as a Fire Apparatus Maintenance Mechanic in 2005.  (ECF No. 24, at 5.)  The crux of his complaint is that, beginning in 2012 and through his 2017 termination, he and "other African American employees experienced severe racial discrimination and harassment in the Fire Apparatus Maintenance Shop." (*Id.*)  That discrimination took on many forms, including supervisors allowing white mechanics to make racially discriminatory statements (*id.* at 7), jobs being delegated based on race (*id.*), and discipline being selectively imposed based on race (*id.*).  Hardin alleges that the hostile work environment and discrimination effectively forced him to leave the department.  (*Id.* at 5.) Hardin alleges violations of Title VII and the ADA based on termination of his employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of his employment, and retaliation.  (ECF No. 1, at 1, 3.)

---

[3] For the purposes of ruling on the motion to dismiss, the Court construes the complaints together.  Typically, "when plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).  Nevertheless, based on the liberal pleading standard afforded *pro se* plaintiffs, the Court construes Hardin's amended complaint together with the original complaint.  *See Minner v. Shelby Cnty. Gov't*, No. 2:17-cv-2714-JPM-cgc, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018) (citing *Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017), for the proposition that "[i]t is apparent to the Court that [Plaintiff] likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief. . . .  In light of the lenient standards afforded to pro se litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment.").

## PROPOSED CONCLUSIONS OF LAW

**I.      Standard of Review for Failure to State a Claim**

To determine whether Hardin's complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir.

2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**II**.       **Whether Hardin States an ADA Claim Under Rule 12(b)(6)**

The City asserts that, because Hardin "never alleged disability discrimination before the EEOC and thus failed to exhaust administrative remedies . . . [, a]ny claim alleged by Plaintiff for disability discrimination or violation of the ADA should be dismissed." (ECF No. 33-1, at 4–5.)  As noted above, Hardin has not responded to the motion.[4]

---

[4] Under the Local Rules, a failure to respond to most motions "may be deemed good grounds for granting the motion." LR 7.2(a)(2).  That rule typically does not apply, however, to motions like this one, which "request[] dismissal of a claim or action." *Id.*  But where, as here, a defendant is given prior notice that his failure to respond to a dispositive motion may be grounds for granting the motion, a court may grant such a motion. *See, e.g.*, *Robinson v. Luttrell*, No. 01-cv-2391-dkv, 2001 WL 1906266, at *1 n.2 (W.D. Tenn. Sept. 12, 2001) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998), for the proposition that the "district court abused its

"To pursue a Title VII action, a plaintiff must file a timely charge of employment discrimination with the EEOC or the appropriate state agency, obtain a right-to-sue letter from the EEOC, and file a timely complaint in federal court." *Townsend v. Rockwell Automation, Inc.*, 852 F. App'x 1011, 1013 (6th Cir. 2021) (citing 42 U.S.C. § 2000e-5(e)(1), (f)).  The same is true of a claim under the ADA, where "a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry*, 236 F.3d at 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)).  Just as with Title VII, "[a]n employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)).  "Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court," as those are the only claims considered to have been exhausted. *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 234 (6th Cir. 2017) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361–62 (6th Cir. 2010)); *see also EEOC v. Dillard Dep't Stores, Inc.*, 768 F. Supp. 1247, 1250 (W.D. Tenn. 1991) ("[T]he filing of a 'charge' is utilized to initiate the administrative processes assigned to the EEOC in that Act and to determine whether the claim is timely made.  It also circumscribes the aggrieved party's claim.").

---

discretion by dismissing [a] claim pursuant to local rule for failure to respond to [a] motion absent specific findings as to bad faith, prejudice, or prior notice of possible dismissal").  Though Hardin's failure to respond likely warrants granting the motion to dismiss, his complaint is also partially dismissible on the substantive grounds described herein.

Where a party does not provide notice in an EEOC charge that he is bringing a claim under a specific theory, such as under the ADA, he cannot be said to have exhausted his administrative remedies as to that claim. *Russ*, 720 F. App'x at 234. The Charge of Discrimination form Hardin submitted to the EEOC has the boxes checked for discrimination based on race and retaliation, but not disability.[5] The Charge of Discrimination form, which indicates it was originally filed in March 2017 and amended in March and September 2017 (ECF No. 33-2, at 2), never alludes to any disability.

Hardin's original charging document alleges he "was denied the opportunity for the promotion for filing a previous charge of discrimination" and that he believes he has "been discriminated against in retaliation for filing a previous charge and making internal complaints against the former director." (*Id.* at 1.) His March 2017 amendment alleges that he "was also subjected to unequal terms/conditions of employment because [he] was not permitted to use [his] bonus time in one hour increments, as this was past company practice." (*Id.*) His first amendment concludes that he has "been discriminated against because of [his] race, Black, and in retaliation for making former protests and filing past EEOC Charges of Discrimination." (*Id.* at 2.) His second amendment alleges he "was subjected to unequal terms/conditions of employment because a Lead person, Joseph Smith, told [Hardin] that he was instructed to contact law enforcement if [Hardin] were to report back to work." (*Id.*) Hardin again concludes that he

---

[5] Hardin did not attach the Charge of Discrimination in either of his complaints, but the City attached it to its Motion to Dismiss. (ECF No. 33-2.) The Court considers that attachment here, as "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Hardin's original complaint refers to the charge he filed with the EEOC regarding the City's alleged discriminatory conduct in June 2017. (ECF No. 1, at 5.)

7

has "been discriminated against in retaliation for making protected protests and filing past EEOC Charges of Discrimination." (*Id.*)

Ultimately, nothing in the narrative portion of the EEOC charge can be interpreted as claiming discrimination based on disability, and therefore nothing put the City on notice that Hardin was alleging disability discrimination against it.[6] *See Younis*, 610 F.3d at 363. Hardin's Charge of Discrimination form, as twice amended, alleges that the City discriminated against him based on his race and in retaliation for his previous activities. Therefore, though Hardin has exhausted his race- and retaliation-based discrimination claims, the same cannot be said for his ADA-based claim, rendering it dismissible under Rule 12(b)(6).

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Defendant's Partial Motion to Dismiss be granted in its entirety.

Respectfully submitted this 1st day of June, 2022.

                                                   s/Annie T. Christoff
                                                  ANNIE T. CHRISTOFF
                                                  UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14)

---

[6] As noted above, Hardin checked the boxes asserting violations of Title VII and the ADA in both his original and amended complaints. The narrative portions of Hardin's complaints also allege that he had to take FMLA leave a result of the anxiety and depression caused by the racial discrimination he experienced, and that the City failed to accommodate him. (*See* ECF No. 7, at 2–7; No. 24, at 6, 11–17.) It is not necessary to determine whether those allegations, standing alone, could sufficiently state a claim that would survive a motion to dismiss; they were not included in the charging document and neither reasonably relate to nor grow out of the factual allegations contained within it, rendering them unexhausted. *See Russ*, 720 F. App'x at 234.

days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.

Case 2:19-cv-02556-SHL-atc   Document 42   Filed 06/01/22   Page 9 of 9   PageID 178