# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **KENYATTA HARDIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:19-cv-02556-SHL-atc |
| ) | |
| **CITY OF MEMPHIS DIVISION OF FIRE** ) | |
| **SERVICES,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION
## FOR DISMISSAL FOR FAILURE TO PROSECUTE

Before the Court is an unanswered motion for summary judgment (ECF No. 38), filed by City of Memphis Division of Fire Services (the "City"), and an unanswered Order to Show Cause (ECF No. 42).[1] The time for *pro se* Plaintiff Kenyatta Hardin to respond to the motion and the Order has passed.[2]

On April 25, 2022, Hardin filed an Extension for Legal Representation. (ECF No. 36.) In that motion he explained that he was "in talks with an attorney to represent me but will need an extension of time to move forward. If talks with the attorney doesn't succeed, I will be forced to dismiss the case. I do not want to waste the courts and city's time." (*Id.*) No attorney has appeared on Hardin's behalf, and Hardin has not moved to voluntarily dismiss the case. Hardin

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

[2] Hardin also has not filed any objections to this Court's Report and Recommendation to Grant the City's Partial Motion to Dismiss, filed June 1, 2022. (ECF No. 42.) His deadline to file any objections was June 15, 2022.

has otherwise ceased to participate in the prosecution of his case.  For the following reasons, this Court recommends dismissal of Hardin's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.     **PROPOSED FINDINGS OF FACT**

The City filed its Partial Motion to Dismiss on December 22, 2021.  (ECF No. 33.) Hardin missed his deadline to respond to that motion, prompting the Court to enter an Order to Show Cause on March 24, 2022, in which it gave Hardin one week to show cause as to why the motion should not be granted.  (ECF No. 35.)  The Court warned Hardin that a "[f]ailure to respond to this Order to Show Cause and to respond to the Motion may result in the Motion being granted."  (*Id.*)  Hardin missed that deadline but eventually filed his Extension for Legal Representation.  (ECF No. 36.)  The Court granted that extension (ECF No. 37), giving Hardin an additional 30 days to respond to the motion to dismiss, as well as to the City's Motion to Compel Deposition of Plaintiff and Initial Disclosures, filed March 24, 2022 (ECF No. 34).  The Court informed Hardin that "[t]he deadline applies whether or not [he] secures counsel."  (ECF No. 37, at 2.)  It further explained "that a failure to respond to the motions by the deadline may result in the motions being granted.  He is further warned that if he fails to abide by this Court's Orders, he may face sanctions under Federal Rules of Civil Procedure 37 and 41, up to and including dismissal of his action."  (*Id.*)  The City filed its Motion for Summary Judgment on May 5, 2022.  (ECF No. 38.)

Hardin then missed the extended deadline to respond to the Motion to Compel and the Motion to Dismiss.  On June 1, 2022, the Court entered an order granting the Motion to Compel, ordering Hardin to "provide the City with his initial disclosures and [to] coordinate with the City

to schedule his deposition." (ECF No. 41, at 2.)³ Hardin's deposition was to take place within thirty days, and he was required to file a notice within seven days confirming service of his initial disclosures and providing the date, time, and location of his deposition. (*Id.*) The Court reminded Hardin "that a failure to abide by this or any other order of the Court may result in him facing sanctions under Federal Rules of Civil Procedure 37 and 41, up to and including dismissal of his action." (*Id.*)

Hardin failed to file that notice, and the Court entered another Order to Show Cause on June 14, 2022, this time giving Hardin another week

> to file the previously required notice that confirms his service of his initial disclosures and provides the date, time, and location that his deposition will take place. He is further ORDERED to show cause by the same date as to why his claims against the City should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Finally, he is ORDERED to show cause by the same date as to why the City's Motion for Summary Judgment should not be granted, and to otherwise respond to that motion.

(ECF No. 43, at 2.) The Court concluded that "Hardin's failure to sufficiently respond to this Order will result in this Court recommending dismissal of his case for failure to prosecute." (*Id.*) To date, Hardin has not responded to the most recent Order to Show Cause, and his deadline to do so has passed.

## II.     PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013)

---

³ The same day, the Court entered its Report and Recommendation to Grant Partial Motion to Dismiss, and, as noted above, Hardin filed no objections. (*See* ECF No. 42.) The Report and Recommendation remains pending.

(citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)).  Dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious" and "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted).

Dismissal of Plaintiff's claims is the only appropriate sanction in this case.  With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'"  *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)).  Hardin has repeatedly missed deadlines and failed to timely respond to three motions—two dispositive motions and a motion to compel.  He belatedly responded to this Court's March 24, 2022 Order to Show Cause, but only to request additional time to comply with that Order—and when given that additional time, he still failed to respond or otherwise comply with the Court's Order.  He also failed to comply with the directives of the Court's June 1, 2022 Order Granting Motion to Compel, failing to provide his initial disclosures or schedule his deposition.  Finally, he has

failed to respond to the Court's most recent show cause order of June 14, 2022.  Based on Plaintiff's failure to cooperate in even the most basic elements of discovery and his failure to comply with numerous orders from this Court, the first factor is more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570).  The City has been clearly prejudiced.  Counsel has attempted to contact Hardin on at least nine separate dates to set up his deposition and discuss discovery matters.  (ECF No. 34, at 1–2.) Hardin failed to respond, prompting the filing of the City's Motion to Compel.  In addition, the City filed its summary judgment motion by the deadline set in the Scheduling Order, despite Hardin having failed to meaningfully participate in discovery.  Accordingly, the City has been prejudiced by Hardin's conduct, supporting dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted.  *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).  This Court has expressly warned Hardin on multiple occasions that his failure to abide by his obligations under the Federal Rules and this Court's orders may result in the dismissal of his claims for failure to prosecute under Rule 41(b).  (*See* ECF No. 37, at 2; ECF No. 41, at 2; ECF No. 43, at 2.)  Hardin has been given repeated opportunities to remedy the deficiencies identified by Defendant and the Court and has failed to do so.  As a result, the third factor favors dismissal of his claims.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Rather, when the plaintiff's refusal to participate in discovery and to comply with court orders is contumacious, dismissal "as the first and only sanction" is within the court's power. *Harmon*, 110 F. 3d at 368. In its most recent Order to Show Cause, the Court was unequivocal as to the course it would take if Hardin once again failed to respond: "Hardin's failure to sufficiently respond to this Order will result in this Court recommending dismissal of his case for failure to prosecute." (ECF No. 43, at 2.) Hardin's refusal to engage in the prosecution of his lawsuit, his failure to participate in even the most basic discovery, and his repeated failures to obey the Court's orders demonstrate that he has no intention of cooperating in the pretrial process or prosecuting this case. The Court thus recommends dismissal, rather than a lesser sanction.

### III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted this 22nd day of June, 2022.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.